GALO BALZAC FARIA, Appellant, *v.* REGISTRAR OF PROPERTY OF MAYAGÜEZ, Respondent.

No. 947.   Submitted February 12, 1935.—Decided February 28, 1935.

*Matías Pomales Díaz* for appellant.   The registrar did not appear.

MR. JUSTICE ALDREY delivered the opinion of the court.

A parcel which is subject until 1940 to a lease in favor of the Mayagüez Sugar Co., Inc., was mortgaged by Mariano Lugo and his wife to secure the payment to Galo Balzac Faria of $2,170, payable in seven annual instalments for which the debtors signed notes to the order of the creditor.

The mortgage deed contains the following clause:

"*Fifth:*—The appearing party Mr. Nadal y Lugo, with the express consent of his wife, Laura Surís Marini, hereby assigns to Mr. Balzac y Faria or any of the assignees or endorsees of the seven notes, his right to collect, at the offices of the corporation Mayagüez Sugar Co., the rentals provided in said lease contract, for the purpose of paying the said mortgage notes, which rentals must be paid on the same dates on which the instalments stipulated in the first clause of this contract mature, and toward that end, they hereby authorize the attesting notary to notify the manager of said corporation of the assignment of the rentals herein provided, it being understood that the rentals corresponding to the period prior to July 4, 1935, are not herein assigned because the same had already been disposed of by Mr. Nadal y Lugo, one having been paid to him in advance and the other assigned to Irene Bagés de Sabater."

The Registrar of Property of Mayagüez recorded the mortgage. Later the deed was again presented by the creditor, who requested the correction of the record in the sense of setting out the contents of the fifth clause, because the same contains the agreed form of payment, by means of an assignment of the rentals that must be paid by Mayagüez Sugar Co., Inc., and not merely an assignment of rentals. The acting registrar noted the following at the end of the deed: "The foregoing document, which is a copy of mortgage deed No. 5 executed at San Germán on October 24 last before Notary José Angel Surís Agrait, is returned without taking any action thereon, after examination of a document signed by the said notary at San Germán on the 3d of this instant December, in which the registrar is requested to correct the record of the said mortgage, effected in the manner appearing from the note at the foot of said document, on the ground that it appears from said note that an error was made in the registry in not mentioning the contents of the fifth clause of said mortgage deed, because the said clause refers to an assignment of rentals, which is not recordable according to the law. Even supposing that said clause should constitute a form of payment of the recorded mortgage contract, it is merely a personal undertaking to be enforced by the attesting notary, as has been provided in said clause, inasmuch as the lessee Mayagüez Sugar Co., has not appeared in the document to bind itself to that agreement for payment." From this decision the mortgagee, Balzac, has taken this administrative appeal in which the registrar has filed no brief.

The appellant requests that we order the registrar to correct the record of the mortgage.

What has been said shows that this is not a proper case for an administrative appeal, because under Act No. 1 of March 1902 (Comp. Stat. 1911, section 2180) an administrative appeal lies only where the registrar has denied or sus-

pended a record, cautionary notice, or cancellation. That is not the case here, since the registrar recorded the mortgage in favor of Mr. Balzac, who only requests that the record made by the registrar be corrected in the sense of setting out the said fifth clause. This would amount to the correction of a record entered in the registry, on the ground of an error in construction, consisting in the omission in the record of the mortgage of a certain clause which the creditor believes should be included therein and which the registrar thinks should not be included in the record of the mortgage.

Section 256 of the Mortgage Law provides that errors in construction committed in records, cautionary notices, or cancellations, or in other records relating thereto, when they do not clearly appear from the same, shall not be corrected without the unanimous consent of all the interested parties and of the registrar, or without a judicial order to that effect. According to the decision of March 6, 1883, of the Directorate of Registries of Spain an administrative appeal does not lie from the refusal of the registrar to correct an entry. A plenary action is the proper remedy.

For the reasons stated, the appeal must be dismissed.